## WENDEL v. GOLDSMITH.

(Supreme Court, Appellate Division, Second Department.　March 6, 1908.)

SALES—ACTION FOR PRICE—EVIDENCE—SUFFICIENCY.

Evidence in an action on a note given for the balance of the price of a horse, wherein the defense was made that plaintiff had guaranteed the horse to be sound, while in fact the horse was foundered, *held* to support a verdict for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1056–1059.]

Appeal from Municipal Court of New York.

Action by George Wendel against Henry H. Goldsmith. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

John N. Magee, for appellant.

WOODWARD, J. This action was brought in the Municipal Court to recover $150 on a promissory note; this being the balance of the purchase price of a certain horse purchased of the plaintiff by the defendant, with fees for services as a veterinary surgeon in doctoring the said horse. The defense interposed was that the note was procured through deceit and fraud, in that the plaintiff had guaranteed the horse to be sound, while in fact the horse was foundered. The pleadings were oral, and the evidence discloses that the defendant went to the plaintiff to purchase a horse; that the plaintiff displayed a horse, took the defendant into a wagon, and drove the horse about the streets of the village where the transaction took place, and that defendant paid $100 in cash and agreed to give a note for $150; that the plaintiff sent his son-in-law home with the defendant, and that the latter made and delivered the note in suit; that the horse was not lame at the time of the delivery, and showed no evidence of being unsound; that the defendant's driver drove the horse on the day following the purchase in a rainstorm; that the horse was permitted to stand unblanketed for several minutes at a time though concededly warm from driving; that on the following day the horse was stiff and lame; that plaintiff was called, and later took the horse to his hospital in an ambulance, where he was treated; that the horse was returned to the defendant some time later apparently cured, but upon being driven developed the lameness again; and that finally the defendant gave the horse away.

The evidence of a guaranty or warrant was very vague and indefinite. There was some evidence that the defendant stated to the

plaintiff that he wanted a sound horse, and that the plaintiff said he would guarantee the horse, and that this occurred while the horse was being exhibited. Passing over the technical distinction between a guaranty and a warranty, there is no evidence that the defendant decided to take the horse upon the strength of this declaration of the plaintiff—that he took the horse relying upon this guaranty; for the evidence is that he did not determine to take the horse until after the animal had been exhibited to him and driven, and there do not appear to have been any conditions imposed upon the payment of the money. But the plaintiff sent his son-in-law home with the defendant to bring back the note, and there is some evidence that the defendant demanded a guaranty from the plaintiff's son-in-law, and that the latter agreed to send him one in writing. But it does not appear that the plaintiff's son-in-law had any authority to act for the plaintiff in the matter, and the fact that he promised to give a guaranty does not involve the plaintiff in any fraud because his son-in-law failed to keep a promise. The evidence in this regard hardly lays the foundation for a charge of fraud or deceit on the part of the plaintiff in procuring this note.

On the other hand, the evidence is undisputed that the horse appeared to be in perfect condition, both at the time of the delivery and on the day following, when he was driven by defendant's driver and exposed in the rain, and there is no dispute that the exposure might be the cause of founder. There was some evidence that the horse, some three weeks later, when his shoes were removed, showed indications of founder which had existed for some time; but for how long a time does not appear, and, so far as the evidence goes, the jury would not have been justified in finding that the disease dated back of the time when the defendant's driver had exposed him to the elements. Under such circumstances there was nothing for the jury to do except to find in favor of the plaintiff, there being no dispute as to the value of the services rendered, in addition to the face of the note.

The judgment and order appealed from should be affirmed, with costs. All concur.